Eastman v. Litterer.

## C. H. EASTMAN, Clerk, v. WM. LITTERER.

TAX, PRIVILEGE. *Merchant.* Although a merchant's license be issued for a year under the act of 1883, chapter 105, yet if the business be terminated sooner, as for example, by fire, the license and the tax should, under the act of 1883, chapter 29, be limited to the period of the actual exercise of the privilege, counting by quarters of the year.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county.  FRANK T. REID, J.

ATTORNEY-GENERAL LEA for Eastman.

LYTTON TAYLOR for Litterer.

COOPER, J., delivered the opinion of the court.

An agreed case, from which it appears that Wm. Litterer was a merchant, in Nashville, whose place of business was destroyed by fire during the first quarter of the year 1883. He made a tender to C. H. Eastman, as clerk of the county court, according to the agreed statement of facts of "a quarter's license," by which, it seems, is meant what would be due for a license to trade as a merchant for one-fourth of the year 1883. The clerk refused the tender, upon the ground that he could only issue a license for a year. The circuit judge was of opinion that the tender was good, and gave judgment for the amount of the tender. Eastman appealed in error.

The question which has been argued is whether the clerk of the county court can lawfully issue a merchant's license quarterly, or must issue it for the entire year. The act of the Legislature of 1883, chapter 105, section 16, provides that merchants shall pay an *ad valorem* tax upon the capital invested in their business equal to that levied on taxable property, as well as a privilege tax on the vocation; and by section 20, sub-section 2, the word "capital," as used in the foregoing sections, shall be construed to mean the largest amount of stock on hand at any one time in the year where it is offered for sale. Section 17 provides that no merchant shall commence

and continue a business in any county of this State, without obtaining a license from the clerk of such county in accordance with the provisions of the act. Section 18 is: "That every merchant applying for license shall, before receiving the same, execute a bond to the State, with good security, to be approved by the clerk of the county court, conditioned that such merchant will render to the clerk issuing the license, at the end of twelve months from the date of the bond, a true statement, under the oath prescribed by this act, of the amount of capital invested in such business during said twelve months, and will pay to the clerk the tax thereon." The act of 1883, chapter 106, section 3, is: "That merchants shall pay an *ad valorem* tax upon the capital invested by them of forty cents on each one hundred dollars, and a privilege tax of thirty cents on each one hundred dollars of taxable property; provided, that such privilege tax shall in no case be less than five dollars; and they shall pay a privilege tax of ten cents on each one hundred dollars of their capital so invested for school purposes." Both of the foregoing acts were approved by the Governor, and went into effect on March 30, 1883. On the 9th of the same month another act, passed by the Legislature, had been approved by the Governor, and gone into effect, being chapter 29 of the printed acts, the first section of which reads as follows: "That it shall be lawful for clerks of the various county courts in the State to issue license by the quarter for the exercise of any privilege under the laws of the State."

If we look alone to the act of 1883, chapter 105, it is clear that while sections 16 and 17, which fix the merchant with a property and privilege tax and require him to take out a license, do not prescribe the time for which the license shall run, the following sections do give directions which contemplate a license for a year. They expressly provide, as a condition precedent to the issuance of a license, the execution of a bond by the merchant conditioned for the making by him, at the end of twelve months from the date of the bond, of a true statement of the amount of capital invested in the business during the twelve months. The statute goes further and provides that the "capital," upon which the merchant is to pay an *ad valorem* and a privilege tax, is the largest amount of stock on hand at any time in the year. Obviously, the clerk cannot issue a license for one-fourth or one-half of the year, because the "capital" might be less in one-quarter than in another, whereas the statute requires that the tax for each quarter shall be based upon the largest amount of stock on hand at any one time in the year.

These several acts, being all passed by the same Legislature and *in pari materia*, must, however, be construed together, and harmonized, if possible. Implied repeals are not favored, and the acts of March 30, 1883, do not in express terms repeal the act of March 9th. The latter act, in plain words, authorizes clerks to issue a license by the quarter for the exercise of any privilege under the laws of the State. If the tax can be ascertained in advance, the license

may, under the statute, be issued for the shorter period. If it cannot be thus ascertained, and it is clear that it·cannot be in the case of the merchant who goes into business for an indefinite length of time, the license must be for the year. The record does not show the fact, but that was probably what was done in the case before us. And the real question is whether, if the merchant cease to do business within the year, the license and the.tax may be cut down to the shorter period. Such a construction of the statute is in accord with the spirit of the whole legislation, and not actually violative of the letter of any part of it; for the provisions of chapter 105, fixing the tax and requiring the license, do not prescribe the time the license shall run, and the subsequent sections are directory, providing for the case where the business is carried on for a year. The license and the bond are merely modes of definitely ascertaining the amount of the tax, without necessarily determining the time of the exercise of the privilege. If, in fact, carried on for less than a year the license and the tax should, under chapter 29, be cut down to the period of actual business, counting by quarters.

The judgment is therefore affirmed.